TONTIORIO v. NEW YORK CONTRACTING CO., PENNSYLVANIA TERMINAL.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. MASTER AND SERVANT (§ 252*)—INJURY TO EMPLOYÉ—NOTICE—SUFFICIENCY.

Notice under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204) is sufficient if it states that on a specified date the complaining employé was injured, the nature and place of injury being specified, through the employer's negligence; that the employer was negligent in not providing a reasonably safe place to work, in not providing a competent foreman or superintendent and fellow workmen, in not providing and enforcing proper rules for the employé's safety, in permitting blasts without notice or proper protection, and in failing to properly guard the employé from such blasts; that the work was negligently conducted; and that by reason of all such negligence a blast was shot off and employé was injured thereby.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

---

2. MASTER AND SERVANT (§ 118*)—CONSTRUCTION COMPANY—DUTY TO EM-
PLOYÉ.

    A construction company, in using ordinary care, must do those things
reasonably demandable to prevent rocks blasted from falling on an em-
ployé.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 118.*]

3. MASTER AND SERVANT (§ 252*)—INJURY TO EMPLOYÉ—EVIDENCE—CONFORM-
ITY TO NOTICE OF INJURY.

    An employé, suing under the employer's liability act (Consol. Laws
1909, c. 31, §§ 200–204) for injury, is not entitled to show injury from
negligence not relied upon in the notice of injury.

    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 252.*]

Appeal from Trial Term, Kings County.

Action by Alfonzo Tontiorio against the New York Contracting
Company, Pennsylvania Terminal. From a judgment dismissing the
complaint, and from an order denying a new trial, plaintiff appeals.
Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
WOODWARD, JJ.

Thomas J. O'Neill (L. F. Fish, on the brief), for appellant.

James A. Deering (John Conway Toole, on the brief), for respond-
ent.

THOMAS, J. [1] Plaintiff, defendant's servant, injured by a rock
in the course of blasting, states in his complaint that the action "is in-
stituted under the employer's liability act," and was limited thereby
to proceed under the statute, but was precluded by the ruling that his
notice to the defendant was insufficient. The notice may be para-
phrased as follows:

"I was on May 25, 1907, injured [nature and place of injury stated] by
your negligence. You were so negligent in the following respects: (1) You
did not provide a reasonably safe place to work. (2) You did not provide
competent foreman or superintendent and fellow workmen. (3) You did not
provide and enforce proper rules for my safety. (4) You permitted blasts
without notice or proper protection. (5) You failed properly to guard me from
such blasts. (6) You negligently conducted your work at the place. By rea-
son of all of which a blast was shot off, and I was hit by a rock" from the
same and injured.

The above is equivalent to a statement that at a given date and
place, where plaintiff was working, a rock hit the plaintiff, and that it
so hit him by reason of defendant's negligence in omitting to do a
master's duty in several particulars enumerated; way or works at a
stated place defective, by reason of a rock thrown in blasting by enu-
merated omissions of the master's duty, and resulting injury at a giv-
en date. Such is the notice in substance. I deem it sufficient.

[2] It was the master's duty, in the exercise of ordinary care, to
do those things reasonably demandable to prevent rocks blasted from
falling on the plaintiff, inasmuch as the place where the servant worked
would be thereby rendered defective. The rock did fall on the plain-
tiff. Hence the place became thereby defective. The rock fell, so caus-
ing the defective place, because the master omitted several of his du-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ties. Hence the master was negligent. Such, read in a legal view, is the notice. This court is not nicely considering the master's liability, but passing with suitable liberality upon a notice of the servant's claimed grounds of such liability, and while the matter could be stated more clearly and explicitly, yet the facts, as plaintiff asserts them, are told in language which, although general, carries a notification of the accusation against the master.

[3] The complaint amply covers the case as stated in the notice, and the plaintiff should have been allowed to introduce evidence to prove his cause of action as alleged. But, as this was denied him, he stated what he would prove. This he was not legally entitled to do, and the court discouraged, rather than approved, such course. The cause of injury of which he tendered proof is not covered by the notice of claim; for in its general scope it was an offer to prove injury by reason of the negligence of one exercising superintendence, of which there is no suggestion in the notice. It is true that the acts of the superintendent as stated in the offer would be some evidence, competent, but maybe not sufficient, evidence of incompetency; but the whole tenor of the offer does not indicate that such issue was presented. However, I regard the offer of proof as immaterial. The plaintiff had been advised that the court would not admit "any proof." The offer did not affect the defendant's rights, and could not, and it is just that the plaintiff should have equal standing, and be permitted upon a new trial to introduce evidence in accord with the notice and complaint.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.